09-2169-ag
Li v. Holder

BIA
Reichenberg, IJ
A077 660 439
A098 586 518

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge*,
>        JOSEPH M. McLAUGHLIN,
>        GERARD E. LYNCH,
>             *Circuit Judges*.

_____

YUE XIAN LI, CUN XI ZHENG,
            *Petitioners*,

            v.                                    09-2169-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

_____

FOR PETITIONERS:        Yimin Chen, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Ernesto H. Molina, Jr.,
                        Assistant Director; Drew C.
                        Brinkman, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yue Xian Li and Cun Xi Zheng, natives and citizens of the People's Republic of China, seek review of an April 24, 2009, order of the BIA affirming the June 21, 2007, decision of Immigration Judge ("IJ") Margaret R. Reichenberg, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Yue Xian Li, Cun Xi Zheng*, Nos. A077 660 439/A098 586 518 (B.I.A. Apr. 24, 2009), *aff'g* Nos. A077 660 439/A098 586 518 (Immig. Ct. N.Y. City June 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

---

[1]Cun Xi Zheng and Yue Xian Li are husband and wife. This order refers to them collectively as "Petitioners."

## I. Asylum and Withholding of Removal

Substantial evidence supports the agency's adverse credibility determination. Petitioners admit that they fabricated their claim that Li underwent a forced abortion and that they submitted fraudulent documents in support of that claim. They argue, however, that because they voluntarily recanted their false claim, it cannot be the basis for an adverse credibility finding. They explain that because they were uneducated and did not speak English, they were left with no other choice but to assert the claim given to them by the snakehead and immigrant service agency that were assisting them. We are not unsympathetic to this argument, having recognized that immigrants are a "vulnerable population . . . who often arrive unfamiliar with our language and culture, in economic deprivation and in fear." *Aris v. Mukasey*, 517 F.3d 595, 600 (2d Cir. 2008). Yet, although applicants should be encouraged to recant false testimony and disavow fraudulent evidence, it does not follow that the agency must credit testimony and evidence the applicant later presents. Here, the IJ did not err in applying the maxim *falsus in uno, falsus in omnibus*, and disbelieving Petitioners' new claim involving a forced

3

IUD insertion. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (finding that once an IJ concludes that a document is false, he or she is, subject to certain limitations, "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

Accordingly, the credibility determination was supported by substantial evidence. The IJ's adverse credibility determination is fatal to Petitioners' challenge to the denial of their application for asylum and withholding of removal.[2] *See Paul v. Gonzales*, 444 F.3d 148, 154-55 (2d Cir. 2006).

**II. CAT Relief**

Petitioners also assert that they are eligible for CAT relief based on their illegal departure from China and that the agency erred in failing to consider that claim. Petitioners are correct that neither the IJ nor the BIA specifically addressed their claim that they would be jailed

---

[2] Although both the BIA and the IJ rejected Petitioners' claim of a fear of future persecution based on the birth of their three children, Petitioners do not challenge that determination here. Accordingly, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

and tortured for illegally departing China.  Yet even assuming this was error, *see Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-85 (2d Cir. 2004)("[T]he BIA's decision with respect to an alien's claims for asylum and withholding of removal . . . should never . . . be determinative of the alien's CAT claim."), we decline to remand because doing so would be futile, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).  As we have held time and again, the BIA does not err in finding applicants ineligible for CAT relief when they claim only that they would be imprisoned in China for their illegal departure and that torture occurs in Chinese prisons. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (requiring an alien to demonstrate that someone in his "particular alleged circumstances" would more likely than not be tortured).  Because Petitioners make precisely this claim, and allege no particular circumstances indicating a likelihood that they will be tortured, we can "'confidently predict' that the agency would reach the same decision" were we to remand.  *Xiao Ji Chen*, 471 F.3d at 339.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the temporary stay

5

of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk